UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE IVERSON, Individually, )
)
Plaintiff, )
)
v. )  Case No. 05-CV-11013-RGS
)
DANIEL E. ROTHENBERG and JULIAN, )
COHEN, as Trustees under the Old Chest- )
Hill Trust, established by Indenture of )
Trust dated as of April 21, 1978, )
)
Defendants. )

**ANSWER OF DEFENDANTS DANIEL E. ROTHENBERG AND
JULIAN COHEN, AS TRUSTEES UNDER THE OLD CHEST-HILL TRUST,
ESTABLISHED BY INDENTURE OF TRUST DATED AS OF APRIL 21, 1978**

Defendants Daniel E Rothenberg and Julian Cohen, as Trustees under the Old Chest-Hill Trust, established by Indenture of Trust dated as of April 21, 1978 (collectively, "Defendants"), hereby answer the Complaint of plaintiff George Iverson as follows:

No response is required to the unnumbered introductory paragraph on page 1 of the Complaint, which merely purports to describe and characterize the action and, accordingly, speaks for itself. To the extent that a response is required, defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparagraph "a" on page 1 of the Complaint. Further answering, defendants deny any remaining allegations contained in the introductory paragraph. Additionally, defendants state that, although the plaintiff purports to be bringing this lawsuit on his behalf "and on behalf of all other individuals similarly

situated", no other plaintiffs are specifically identified in the Complaint and no motion for class certification, to defendants' knowledge, has been served.

1.  With respect to paragraph 1 of the Complaint, defendants state that any applicable law speaks for itself and denies any allegations in paragraph 1 inconsistent therewith. Defendants deny any remaining allegations contained in paragraph 1 of the Complaint.

2.  With respect to the first sentence of paragraph 2 of plaintiff's Complaint, defendant states that that any applicable law speaks for itself and denies any allegations in paragraph 2 inconsistent therewith. Further answering, the defendants are not contesting the venue of this matter. With respect to the second sentence of paragraph 2 of plaintiff's Complaint, defendants state that the property at issue is located within this judicial district, but denies any remaining allegations contained in the second sentence of paragraph 2 of plaintiff's Complaint.

3.  No response is required to paragraph 3 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 3 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

4.  No response is required to paragraph 4 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 4 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

5.  No response is required to paragraph 5 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants

state that any applicable law speaks for itself and deny any allegations in paragraph 5 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

6. No response is required to paragraph 6 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 6 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

7. No response is required to paragraph 7 of the Complaint, which merely purports to assert to legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 7 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. With respect to paragraph 11 of the Complaint, defendants admit that any applicable law speaks for itself and deny any allegations in paragraph 11 of the Complaint inconsistent therewith. Defendants deny any remaining allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint, although defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the referenced "violations".

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. No response is required to paragraph 17 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 17 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied

18. No response is required to paragraph 18 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 18 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

19. Defendants deny the allegations in paragraph 19 of the Complaint. Defendants also note that there is not a "corporate plaintiff" in this case.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. No response is required to paragraph 22 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 22 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. No response is required to paragraph 24 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 24 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

25. Any allegations not specifically admitted herein are denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to maintain the claims alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Complaint seeks relief that is not readily achievable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 2000a-3(c).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has misnamed one or more of the defendant parties.

### SIXTH AFFIRMATIVE DEFENSE

Defendants state that if plaintiff was injured and damaged as alleged, such injuries and damages were caused by third-parties over which these defendants exercise no control.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants deny that they have access and/or control to some or all of the property at issue.

DANIEL E. ROTHENBERG AND JULIAN COHEN, AS TRUSTEES UNDER THE OLD CHEST-HILL TRUST, ESTABLISHED BY INDENTURE OF TRUST DATED AS OF APRIL 21, 1978,

By their attorneys,

_____
Leonard H. Freiman (BBO #560233)
Goulston & Storrs
A Professional Corporation
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
(617) 482-1776
lfreiman@goulstonstorrs.com

Dated: June 6, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June 2005, I served copies of the Answer of Defendants Daniel E. Rothenberg and Julian Cohen, as Trustees under the Old Chest-Hill Trust, established by Indenture of Trust dated as of April 21, 1978, by causing copies thereof to be forwarded in the manner indicated below to:

**(via first class mail)**
John P. Fuller, Esq.
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181

**(via first class mail)**
Jay M. Rosen, Esq.
George Skogstrom, Esq.
Schlossberg & Associates, P.A.
35 Braintree Hill, Suite 303
Braintree, MA 02185

_____
Leonard H. Freiman

GSDOCS\1495267.1 6/6/2005 8:53 AM